IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-MJ-1044-JG-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER ON PROBABLE CAUSE |
| ) | AND DETENTION |
| ) | |
| WALDA LUNA, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court February 2 and 3, 2016, for a preliminary hearing regarding the criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending further proceedings. On January 8, 2016, the government charged Defendant in a criminal complaint with a violation of 18 U.S.C. § 286. [DE-1]. The government alleges that from in or about January 2009 until May 2012, Defendant unlawfully and knowingly agreed, combined, and conspired with others to defraud the United States by obtaining and aiding and abetting to obtain the payment and allowance of false, fictitious and fraudulent claims through the filing of false, fictitious and fraudulent income tax returns with the Internal Revenue Service. *Id.*

At the hearing the government presented the testimony of Bennett Strickland, an agent with Internal Revenue Service - Criminal Investigations Division and Special Agent Christopher Feldman of Homeland Security Investigations. Defendant, represented by counsel and assisted by an interpreter, presented no evidence on probable cause. Defendant presented two individuals to serve as third-party custodians, Romona Luna, Defendant's mother, and Carlos Carillo, Defendant's local pastor. The court has considered the hearing testimony, exhibits entered and the pretrial services

report, which was prepared by the probation office and provided to the parties in advance of the hearing. The court finds that the credible and information presented by agents Strickland and Feldman establishes probable cause to support the charges of the criminal complaint.

Having considered the record pursuant to 18 U.S.C. § 3142(g), the law requires that Defendant be detained pending further proceedings based on the following principal findings and reasons: (1) the nature of the offense charged against Defendant and the strength of the Government's case; (2) the risk of Defendant's non-appearance and/or flight in light of the punishment Defendant may face upon conviction, including the threat of adverse immigration proceedings and (3) other findings and reasons stated in open court. While the court has considered Defendant's ties to the community and the testimony presented by the proposed third-party custodians, the court finds the risk of non-appearance outweighs such evidence.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

So ordered, the 5th day of February 2016.

_____
Robert B. Jones, Jr.,
United States Magistrate Judge